UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

RICHARD VOSEPKA,  (Chapter 7)

    Plaintiff,  Case Number: 05-00120

v.

GARRETT GEIGER,

    Defendant.

AMENDED MEMORANDUM DECISION

Garrett Geiger filed Chapter 7 bankruptcy in this court on March 4, 2005. The last day to file a complaint objecting to his discharge or to determine dischargeability of debts was June 3, 2005.[1] On June 3, this court received by mail a dischargeability complaint filed by Richard Vosepka. Mr. Vosepka is a Minnesota attorney, proceeding on his own behalf. Mr. Vosepka's complaint was accompanied by his personal check for the filing fee. The complaint was marked "received," and the check was endorsed by the clerk of court on the day of receipt. However, the

---

[1] F.R.B.P., Rule 4007(c)

(c) Time for filing complaint under § 523(c) in a chapter 7 liquidation, chapter 11 reorganization, or chapter 12 family farmer's debt adjustment case; notice of time fixed

A complaint to determine the dischargeability of a debt under § 523(c) shall be filed no later than 60 days after the first date set for the meeting of creditors under § 341(a). The court shall give all creditors no less than 30 days' notice of the time so fixed in the manner provided in Rule 2002. On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired.

1

check and the complaint were returned to Mr. Vosepka. It was the policy of the clerk of court not to accept personal checks from anyone. The Western District of Wisconsin Bankruptcy Court website indicates that "CHECKS FROM DEBTORS WILL NOT BE ACCEPTED" but says nothing of the method of required payment by creditors. It would have been possible for creditors to access the clerk's policy through CM/ECF. That electronic program stated "Personal checks will not be accepted." However, the information was not conspicuous and one would have to navigate through several links to find it. In addition, access to CM/ECF must be separately applied for. Mr. Vosepka was not an electronic filer with this court, so it is unlikely that he would have known of the clerk's check policy. After the return of his complaint and check, Mr. Vosepka re-filed his complaint. The re-filed complaint was stamped "filed" on June 13, 2005, ten days after the deadline created by Rule 4007.

The debtor answered to the complaint on July 7, 2005 and prayed to dismiss the adversary proceeding because the complaint was not timely filed. On September 2, 2005, the debtor filed a separate motion to dismiss the adversary proceeding and that motion was set for a hearing on notice. At the hearing all other grounds argued by the debtor were denied, but the issue of timely filing was taken under advisement. As explained below, the motion must now be denied.

The United States Bankruptcy Court's "Guide to Judiciary Policies and Procedures" disallows payment of filing fees by the personal check of a debtor, but says nothing about method of payment for a creditor. The Guide to Judiciary Policies and Procedures provides guidance to the Judiciary in support of its day-to-day operations, and also codifies policies promulgated by Director of the Administrative Office and approved by the Judicial Conference of the United States. The relevant section of the Guide is §21.03, which states:

2

3. Fees

Generally, the intake clerk should be aware that filing fees are due at the time of filing and that the court should not accept personal checks or credit card payments from debtors.

Apparently, this court's policy of not accepting any personal check was put in place years ago, and there is no authority in the Guide authorizing it. In fact, it seems that the policy has not been consistently applied. It was not even consistently applied in this case. On September 30, 2005, Mr. Vosepka submitted the affidavit of Michael Vadnie, another creditor in this case. In his affidavit, Mr. Vadnie stated that this court accepted his personal check on June 2, 2005, one day prior to the creditor's personal check being returned. Mr. Vadnie's payment by personal check was accepted and his complaint to determine dischargeability was thus timely filed.

This situation was discussed with court staff, who are now in agreement that there is no authority for disallowing payment by personal check of a non-debtor, therefore, the creditor's payment by personal check was proper. F.R.Banrk.P., Rule 7005 incorporates F.R.Civ.P., Rule 5 which states that the filing of papers with the court shall be made by filing them with the clerk of court. Since the plaintiff tendered proper payment with his complaint on June 3, 2005, the plaintiff did in fact file within the time period allowed by Rule 4007. The court's mistake in not marking the complaint "filed" until June 13, 2005 does not change the fact that Mr. Vosepka's complaint was timely filed.

A case in the Ninth Circuit addressed a similar situation. In <u>Aldabe v. Aldabe</u> a notice of appeal was received by the district court clerk within the time for filing, but not formally filed until after the deadline. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089 (9th Cir. 1980). The appellee sought

3

dismissal of the appeal due to the "late" filing. The court held that because the appellant had no control over delays between receipt and filing, the notice of appeal was timely filed because it was received by the court within the applicable period. Id. at 1091. Similar to the situation in Aldabe, Mr. Vosepka had no control over the delay between the court's receipt of his complaint and formally stamping it "filed." Since Mr. Vosepka did in fact timely file his complaint, the complaint should not be dismissed.

Dated this 9 day of November, 2005.

Robert D. Martin
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF WISCONSIN

RICHARD VOSEPKA,                                    (Chapter 7)

      Plaintiff,                                  Case Number: 05-00120

v.

GARRETT GEIGER,

      Defendant.

## AMENDED ORDER

**IT IS HEREBY ORDERED** that debtor's motion to dismiss the adversary proceeding is denied.

### # #

Dated November 9, 2005

Robert D. Martin
United States Bankruptcy Judge